UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAY TERESE** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-4342** |
| | * | |
| **1500 LORENE LLC, ET AL.** | * | **SECTION "L" (4)** |

## ORDER & REASONS

### I.   BACKGROUND

This case arises out of personal injury to Plaintiff Ray Terese. As set forth in his Second Amended and Supplemental Complaint and briefing, Plaintiff was an employee of Terese Tops doing work installing kitchen and bathroom fixtures at the Summerfield Apartments in Harvey, Louisiana owned by Defendant 1500 Lorene, LLC, in connection with repairs of Hurricane Katrina damage to those buildings. Plaintiff alleges that he fell from a second story stair landing, which lacked a railing, and incurred injuries to his legs and the cervical/lumbar portions of his spine. Plaintiff filed suit against 1500 Lorene, LLC, asserting claims for negligence, strict liability, and failure to warn and seeking $2,000,000 in damages for pain and suffering, loss of income, loss of earning capacity, and medical bills. Plaintiff subsequently amended his complaint to assert a direct claim against Defendant Century Surety Company, which issued a liability insurance policy covering 1500 Lorene LLC. Defendant 1500 Lorene LLC has answered and denies liability. Defendant Century Surety Company has answered and denies that Plaintiff's injuries are covered under the insurance policy.

### II.   PRESENT MOTION

Defendant Century Surety Company ("Century") has moved for summary judgment on

the grounds that the policy it issued to 1500 Lorene, LLC ("Lorene") does not cover Plaintiff's claims. The policy covers "bodily injury" arising out of work performed by a contractor at the insured location, but not bodily injury to Lorene's employees. However, an endorsement to the policy excludes coverage for bodily injury specifically to the contractors or subcontractors themselves. Century argues that it is undisputed that Plaintiff was a subcontractor doing work at the insured location and suffered a bodily injury, and that the claim for that injury is therefore excluded from coverage by the clear language of the exclusion.

Plaintiff and Defendant Lorene have filed separate oppositions to Century's motion. Lorene argues that the policy exclusion has not been approved by the Louisiana Insurance Commissioner and should not be enforced; that the exclusion is unconscionable; and that the policy is ambiguous and violates reasonable expectations. Plaintiff argues that the exclusion does not apply because at the time of the accident he had finished installing a countertop and was simply exiting the building, and therefore was not "doing work on or at" the location. Plaintiff also argues that the exclusion is against Louisiana public policy.

**II.     Law & Analysis**

**A.      Summary Judgment Standard**

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the

motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249 - 50 (citations omitted).

**B.     Century's Motion for Summary Judgment**

The general liability policy in question covers bodily injury and property damage caused by a contractor's operations at the insured premises, but excludes bodily injury to an employee of the insured. Additionally, a policy endorsement also excludes coverage for bodily injury to the contractor or his or her employees:

> 8.     "Bodily Injury" to Contractors or Subcontractors
> It is agreed that this insurance does not apply to "bodily injury" to any contractor, subcontractor or any agent or "employee" of a contractor or subcontractor that is doing work on or at, or is in any way involved with the operations performed for you at the location specified in the Declarations.

The policy defines "employee" as including "a 'leased worker', a 'temporary worker' and a

'volunteer worker'." Thus, read as a whole the policy covers bodily injury arising out of the contractor's operations to individuals who are neither employees of the contractor nor employees of the insured.

Under Louisiana law, insurance policies must be interpreted in accordance with the rules for interpreting contracts in general. *Cadwallader v. Allstate Ins. Co.*, 02-1637, p. 3 (La. 6/27/03); 848 So. 2d 577, 580 ("An insurance policy is a contract between the parties and should be construed using the general rules of interpretation set forth in the Louisiana Civil Code."). Additionally, the words and phrases used in an insurance policy are to be construed using their plain, ordinary, and generally prevailing meaning. La Civ. Code art. 2047 ("The words of a contract must be given their generally prevailing meaning."). Courts applying Louisiana law are not permitted to interpret an insurance policy in a manner that would threaten to modify what is reasonably contemplated by the policy's unambiguous terms. La. Civ. Code art. 2046 ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."). An insurance contract must be "construed according to the entirety of its terms and conditions." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007).

Taking the facts in the light most favorable to the parties opposing summary judgment, the exclusion applies by its plain and unambiguous language.[1] Plaintiff was an employee of a

---

[1] Plaintiff's argument that the exclusion does not apply because he was exiting the premises and not actively working at the exact moment the accident happened is unpersuasive. Accepting as true Plaintiff's factual assertion that he had finished for the day and was going to his truck, Plaintiff was only present at the premises to do contracting work which necessarily entailed leaving the premises when that work was completed. Other courts have rejected similar arguments about the scope of what constitutes "working" and held similar policy exclusions enforceable even though a plaintiff was in the process of leaving the place of employment. *See Sinni v. Scottsdale Ins. Co.*, 676

subcontractor. He sustained a bodily injury while doing work involved with the renovation operations performed at the Summerfield Apartments for the insured, Lorene. Plaintiff and the circumstances of his injury fall squarely within the plain language of the exclusion, and accordingly the Court must enforce it.

Lorene and Plaintiff's arguments to the contrary are unpersuasive. First, Lorene argues that the exclusion does not apply because it is ambiguous. Louisiana law recognizes that a policy provision is ambiguous only if it is "susceptible to two or more reasonable interpretations." *Cadwallader*, 02-1637, p. 4; 848 So. 2d at 580. Where possible, a contract provision "susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective." La. Civ. Code. art. 2049. Accordingly, Louisiana law requires that words susceptible of two different meanings should "be interpreted as having the meaning that best conforms to the object of the contract." La. Civ. Code. art 2048. Where a contract provision is ambiguous, Courts are permitted to interpret it in light of the custom and usages of the industry, as well as the conduct of the parties and any prior agreements between them. La. Civ. Code art. 2053 ("A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties."). As a last resort, ambiguous terms should be construed against the drafter. La. Civ. Code art. 2056 ("In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the

---

F. Supp. 2d 1319, 1332-33 (M.D. Fla. 2009); *Prescott Cos. v. Mt. Vernon Fire Ins. Co.*, No. 10cv0107, 2010 WL 1495430, at *3-4 (S.D. Cal. Apr. 14 2010). The Court agrees with the reasoning of those opinions and finds that Plaintiff's circumstances fall comfortably within the scope of the exclusion.

party who furnished its text.").

Lorene relies on an inapposite case for the proposition that the policy language is ambiguous because two coverages conflict.  *See Lee v. Liberty Mut. Ins. Co.*, 387 So. 2d 621, 623 (La. Ct. App. 1980).  *Lee* involved an accident which involved both a dump truck and a front-end loader.  The general liability policy at issue covered accidents involving vehicles, such as the dump truck, but excluded accidents involving mobile equipment, such as the loader.  Because of that direct conflict on those facts between a coverage provision and an exclusion, the court held that the policy was ambiguous and summary judgment was inappropriate.  Lorene attempts to analogize and argues that there is a conflict between the terms of the present exclusion and "the purpose of commercial general liability insurance."  However, there is simply no ambiguity in the policy on these facts.  The exclusion in the endorsement modifies the coverage and can be read in perfect harmony with all other terms of the policy without any ambiguity.  In the absence of ambiguity, the Court cannot go beyond the plain language to examine Lorene's purported reasonable expectations.  *See Bridgestone Firestone N. Am. Tire, LLC v. Liberty Mut. Ins. Co.*, 2010 WL 2465031, at *3 n.5 (5th Cir. June 17, 2010).

Plaintiff and Lorene next argue that the exclusion is unconscionable, against public policy, and leads to absurd results.  Louisiana will not enforce an insurance contract that goes against public policy, but that "does not mean that exclusions are not to be enforced." *See Hickey v. Centenary Oyster House*, 719 So. 2d 421, 425 (La. 1998).  Lorene argues that the exclusion renders meaningless the purported coverage for bodily injury claims on the insured premises, particularly because Century allegedly knew contractors would be the only persons at the premises during a period of renovation.  Plaintiff argues that the language applying the exclusion

to contractors "doing work on or at, or is in any way involved with the operations" is overbroad and would exclude liability in the hypothetical case of someone simply returning to the location to repay money borrowed from a co-worker.

Century correctly observes that neither Plaintiff or Defendant Lorene have articulated any specific public policy which the insurance policy violates or cited any authority precluding application of the exclusion according to its plain language. Nor does the exclusion completely abrogate personal injury coverage under the policy; visitors to the site who were employed by neither Lorene nor its contractor would have been covered. Inspectors and possibly deliverers of material or equipment may also be covered. Accordingly, Louisiana public policy does not prohibit enforcement of the exclusion according to its plain language.

Finally, Defendant Lorene argues that because the Special Exclusions and Limitations Endorsement containing the exclusion at issue allegedly has not been submitted for approval to the Louisiana Insurance Commissioner pursuant to Louisiana Revised Statute § 22:861 (formerly § 22:620). Section 22:861 states that "No basic insurance policy form ... shall be issued, delivered, or used unless it has been filed with and approved by the commissioner of insurance." However, failure to submit an endorsement for approval does not in and of itself invalidate that endorsement. *Carrier v. Allstate Ins. Co.*, 96-2681, p.6 (La. App. 1 Cir. 11/1/1997);702 So. 2d 367, 370; La. Rev. Stat. § 22:880 (formerly § 22:653). The endorsement will be enforced if it would have complied with all other provisions of the insurance code. *Carrier*, 702 So. 2d at 370; La. Rev. Stat. § 22:880. Because the endorsement is enforceable in all other respects, and because the opponents to this motion have not articulated any other non-compliance with the Insurance Code, this argument fails.

## III. Conclusion

For the foregoing reasons, IT IS ORDERED that Century's Motion is GRANTED. Plaintiff's claims against Defendant Century Insurance Company are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 5th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE