UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAY TERESE** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-4342** |
| | * | |
| **1500 LORENE LLC, ET AL.** | * | **SECTION "L" (4)** |

## ORDER & REASONS

### I. BACKGROUND

This case arises out of personal injury to Plaintiff Ray Terese. As set forth in his Second Amended and Supplemental Complaint and briefing, Plaintiff was an employee of Terese Tops installing kitchen and bathroom fixtures at the Summerfield Apartments in Harvey, Louisiana owned by Defendant 1500 Lorene, LLC, in connection with repairs of Hurricane Katrina damage to those buildings. Plaintiff alleges that he fell from a second story stair landing, which lacked a railing, and incurred injuries to his legs and the cervical/lumbar portions of his spine. Plaintiff filed suit against 1500 Lorene, LLC, asserting claims for negligence, strict liability, and failure to warn and seeking $2,000,000 in damages for pain and suffering, loss of income, loss of earning capacity, and medical bills.[1] Defendant 1500 Lorene LLC has answered and denies liability.

### II. PRESENT MOTION

Defendant Lorene has filed a motion for summary judgment on the grounds that it is not liable in tort to Plaintiff or, in the alternative, that Plaintiff's remedies are limited to workers'

---

[1] Plaintiff subsequently amended his complaint to assert a direct claim against Defendant Century Surety Company, which issued a liability insurance policy covering 1500 Lorene LLC. In a separate order and reasons, the Court granted Century's motion for summary judgment based on the terms of the insurance policy.

compensation because Lorene was Plaintiff's statutory employer. Lorene argues that as a property owner it owed no duty to independent contractors such as Plaintiff and that no exception to that doctrine applies. Lorene also argues that Plaintiff's claims fail regarding several other possible theories of tort liability. Finally, Lorene argues in the alternative that it is Plaintiff's statutory employer and his remedies are limited to workers' compensation.

Plaintiff opposes the motion, arguing that there are genuine issues of material fact regarding whether the purported general contractor for Lorene's work on the Summerfield Apartments was in fact an employee of Lorene, which Plaintiff contends would create a duty. Plaintiff also argues that Lorene was not his statutory employer.

## II.      Law & Analysis

### A.      Summary Judgment Standard

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion.  *See Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  *Id.* at 249 - 50 (citations omitted).

**B.     Statutory Employer**

The Court will address Lorene's alternative argument first.  Louisiana Revised Statute section 23:1061 governs the existence of a statutory employer relationship.[2]  Pursuant to that

---

[2] A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him . . . .  For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer.  When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees.  This

statutory framework, "an injured worker may claim workers' compensation from either: (a) a principal that undertakes to have work performed by contractors and subcontractors, as long as the work is an 'integral part of or essential to the ability of the principal to generate [its] goods products or services'; or (b) a principal that has undertaken to perform work for a third party through the use of subcontractors, regardless of the principal's trade or business." *Berthelot v. Murphy Oil, Inc.*, No. 09-4460, 2010 WL 103871, at *4 (E.D. La. Jan. 7, 2010) (second alteration in original).*³*  With respect to the first option, there can be no statutory employer relationship in the absence of a written contract between the principal and the contractor which recognizes the principal as a statutory employer.  La. Rev. Stat. § 23:1061(A)(3); *Berthelot*, 2010 WL 103871, at *5.*⁴*

Here, no party contends that any work was done pursuant to any written contract

---

presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

³The parties do not argue that the second possibility, governed by § 23:1061(A)(2), applies in this case.

⁴Lorene relies on *Morrissey v. Rhodes* for the proposition that "an exception to the [written contract requirement] exists where the contractor was executing work that was 'a part' of the trade, business or occupation of the principal." 03-1819, p. 3 (La. App. 1 Cir. 6/25/2004); 885 So.2d 1209, 1210 (citing La. Rev. Stat. Ann. § 23:1061(A)(2)).  Although Lorene correctly quotes the opinion, *Morrissey* cannot be reconciled with the plain language of § 23:1061.  Section 23:1061(A)(3) states that there is no statutory employer relationship between a principal and a contractor's employees in the absence of a written contract recognizing the principal as a statutory employer, except for situations governed by 1061(A)(2).  Section 1061(A)(2) theory of statutory employment, which is not asserted by either party or implicated on these facts.  *See Berthelot*, 2010 WL 103871, at *4 (citing *Allen v. State of Louisiana ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth.*, 02-1072 (La. 4/9/03); 842 So.2d 373.  Section 1061(A)(2) is not, as *Morrissey* reads it, an exception to the rule that there can be no statutory employer/employee relationship between a principal and the employees of its own contractor in the absence of the requisite written contract.  *Morrissey* has not been cited by another case for that proposition and the Court must follow the clear language of section 23:1061.  *See* La. Civ. Code. art. 1.

recognizing Lorene as Plaintiff's statutory employer. In the absence of such a written contract, Lorene is not Plaintiff's statutory employer and is not entitled to tort immunity. La. Rev. Stat. Ann. § 1061(A)(3).[5]

## C.     Lorene's Motion for Summary Judgment

Lorene also argues that it is not liable to Plaintiff under any theory of liability, including negligence, custodial liability under Civil Code articles 2317 and 2317.1, and premises liability under Civil Code article 2322. Because the present summary judgment record is pregnant with underdeveloped factual issues and because Lorene relies on an inapplicable case to argue that it owed Plaintiff no duty whatsoever, summary judgment on liability is inappropriate at this time.

## 1.     Negligence

Under Louisiana law, liability for negligence is determined according to a Duty/Risk analysis. *See Fowler v. Roberts*, 556 So. 2d 1 (La.1989). The determination of liability in a negligence case usually requires proof of five separate elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). *Kirklin v. U.S. Government*, 2001 WL 1262618, at *2 (E.D. La. Oct. 18, 2001).

---

[5]Because Lorene is not Plaintiff's employer, it is irrelevant whether Plaintiff was an independent contractor doing manual labor such that he might fall within the scope of the Workers' Compensation Act. *See* La. Rev. Stat. Ann. § 23:1021(7).

The existence of a duty is a question of law. *Lazard v. Foti*, 02-2888, p. 3 (La. 10/21/03); 859 So. 2d 656, 659. It is well-settled that property owners are not liable for the negligence of an independent contractor doing work on the property. *See, e.g.*, *Sims v. Cefolia*, 04-343, p.7 (La. App. 5 Cir. 11/30/04); 890 So.2d 626, 631; *Williams v. Gervais F. Favrot Co.*, 499 So.2d 623, 625 (La. App. 1986). Likewise, a principal is not liable for the negligent acts of an independent contractor performing a contract. *E.g.*, *Iglesias v. Chevron U.S.A. Inc.*, 656 F. Supp. 2d 598, 601 (E.D. La. 2009). These general rules have two exceptions: a property owner or principal may be liable for an independent contractor's negligence if (1) the independent contractor's activity is ultrahazardous, or (2) the property owner or principal exercise operational control over the independent contractor's performance. *Sims*, p. 7; 890 So. 2d at 631; *Iglesias*, 656, F. Supp. 2d at 601. These rules only insulate a property owner or principal from the contractor's negligence; a principal or a property owner remains liable for its own negligence. *Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994). Thus, the owner of a facility has an independent duty to exercise reasonable care for the safety of those on the premises, *including* employees of independent contractors. *See Dupre v. Chevron U.S.A., Inc.*, 20 F.3d 154, 157 (5th Cir. 1994).

Lorene attempts to go beyond this well-settled proposition to argue that it owed Plaintiff no duty at all and that it cannot be liable for any injuries to independent contractors working on the property, citing *Dauzat v. Thompson Construction Co.* 839 So. 2d 319, 321-22 (La. App. 5 Cir. 2003). Lorene's reliance on *Dauzat* is misplaced. *Dauzat* was an appeal from a grant of summary judgment in favor of a property owner and against the employee of a subcontractor working on the property. *Id.* at 320-21. The circuit court characterized the proceedings below

6

by stating that the property owner "moved for summary judgment, arguing that a property owner does not owe a duty to an employee of an independent contractor working on new construction on its property." *Id.* at 321. The opinion did not cite any authority for that characterization of the property owner's argument, nor did it expressly adopt it as an accurate statement of the law. However, the opinion did cite *Villaronga v. Gelpi Partnership No. 3*, which reiterated the well-established proposition, set forth above, that "neither the owner nor the general contractor are liable *for the negligence* of an independent contractor who performed work for them," subject to the two exceptions for inherently dangerous work or control by the owner. 536 So. 2d 1307, 1311 (La. App. 5 Cir. 1988) (emphasis added). *Villaronga* did not address a property owner's potential liability for its own independent acts of negligence, and nothing in *Dauzat* indicates that the plaintiff alleged any independent act of negligence on the part of the property owner. Thus, *Dauzat* is most reasonably read as simply applying the prevailing rule that a property owner is not liable for its independent contractor's own acts of negligence. *Dauzat* should not be read as espousing a blanket rule that a property owner never owes a duty to an independent contractor and cannot be liable for its own independent acts of negligence, which would conflict with established principles of Louisiana negligence law. *See Graham*, 21 F.3d at 645 ("[T]he principal [or property owner] remains liable for its own acts of negligence.").

Plaintiff alleges in his complaint that he was injured by Lorene's own direct negligence with respect to the condition of the Summerfield Apartments. Therefore, the general rule insulating property owners such as Lorene from liability for an independent contractor's own negligence does not apply.[6] In its motion for summary judgment, Lorene addressed only the

---

[6]In its reply brief, Lorene also overstates the holdings in *Smith v. State Farm Insurance Co.* and *Abels v. Houma Industries*. In *Smith*, the court affirmed summary judgment in favor of a

duty element and relied solely on *Dauzat* to argue that it owed Plaintiff no duty at all. Thus, the full duty-risk analysis is not properly before the Court. Although Plaintiff has yet to articulate exactly how Lorene was allegedly negligent, the Court will not grant summary judgment on liability at this time and on this undeveloped record.

**2.    Custodial and Premises Liability**

Lorene also argues that Plaintiff cannot recover under alternative theories of tort liability, including Civil Code articles 2317 and 2317.1, which govern liability for one who has custody of things, and article 2322, which governs liability for one who owns a building. Until 1996, the Louisiana Civil Code imposed a form of strict liability upon the owners of things and buildings. Article 2317 provides that, "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." In 1996, the Louisiana legislature enacted article 2317.1 which altered the strict liability landscape in Louisiana by injecting a fault element into the analysis of liability. After this amendment, a plaintiff proceeding on a theory of premises liability under article 2317.1 must prove that: "(1) the thing which caused damages was in the control or custody of the defendant; (2) the thing had a defect that created an unreasonable risk of harm; (3) the injuries were caused by the defect; and (4) the defendant had actual or

---

homeowner based on the aforementioned general rule that a property owner is not liable for the negligence of independent contractors. No. 06-826, p. 2-4 (La. App. 3 Cir. 12/6/06); 944 So.2d 811, 813-14. However, the plaintiff in *Smith* did not argue that the homeowner was independently negligent, but rather argued only for the "control" exception to the general rule. Likewise, in *Abels*, the court merely stated that, in the absence of operational control over an independent contractor, the principal has no duty to insure that the contractor is non-negligent or to affirmatively discovery hazards created by the contractor. No. 84-5445, 1987 WL 5610, at *1 (E.D. La. Jan. 12, 1987). Neither case held that a property owner is immunized for its own independent negligence if the victim happens to be an independent contractor.

constructive knowledge of the defect." *Nelson v. Louisiana Stadium and Exposition Dist.*, 832 So. 2d 1043, 1047 (La. App. 4 Cir. 2007).

Additionally, if a Plaintiff asserts a claim under article 2322, which applies to damage caused by the "ruin" of a building, he must prove that the ruin was "caused by neglect to repair it, or [was] the result of a vice or defect in its original construction." La. Civ. Code. art. 2322. The Plaintiff would also have to prove that the Defendant "knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that [the Defendant] failed to exercise such reasonable care." Id.

Lorene argues that it is entitled to summary judgment on these theories because Plaintiff cannot establish that Lorene had custody of the property, that there was a defect or ruin which created an unreasonable risk of harm, or that Lorene had constructive knowledge of the defect. These issues are not ripe for summary judgment. Although Lorene argues it had no custody, Plaintiff has produced some summary judgment evidence which, making all inferences in Plaintiff's favor, may show that James Guffey, Lorene's purported general contractor, was in fact a direct employee of Lorene and that Lorene therefore had some degree of control over the construction and the premises. Second, the Court cannot determine whether the missing railing was so open and obvious that it did not constitute an unreasonable risk of harm on the present incomplete discovery record. Third, the record is muddied with respect to Lorene's awareness of the missing railing. Lorene has provided an affidavit from Kevin O'Brien, a member of Lorene, asserting that "no member of 1500 Lorene was aware that any railings were missing from the landing of the apartment building at issue at the time of plaintiff's alleged accident." However,

in response to an interrogatory, Lorene stated that the damage to the property "included damage to the railings and stairways of the complex, *and to the railing at that building where plaintiff allegedly fell*," and that Lorene itself hired a welding contractor to repair railings. Whether Lorene had notice of the missing railing appears to be a disputed fact, and summary judgment is inappropriate at this time.

This case is still in its early stages and is not set for trial until June 13, 2011. Upon a more developed record this case may be appropriately resolved on summary judgment, but it is not ripe at this time.

### III.   Conclusion

For the foregoing reasons, Defendant 1500 Lorene, LLC's Motion for Summary Judgment is DENIED at this time, with leave to refile at a later date after sufficient time for discovery.

New Orleans, Louisiana this 12th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE